**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**EVONNA MATHIS,**

       **Plaintiff,**                           **Case Nos.:**   **2:10-cv-1090
                                                                                                                           2:10-cv-1103
                                                                                                                           2:10-cv-1145
                                                                                                                           2:11-cv-0252
                                                                                                                           2:11-cv-0270
                                                                            JUDGE SMITH**
**v.**                                                                                                                   **Magistrate Judge Kemp**

**AT&T SBC COMMUNICATIONS,** *et al.*,

       **Defendants.**

## **OPINION AND ORDER**

This matter is before the Court on Defendants Ohio Bell Telephone Company (improperly named in the Complaint as AT&T SBC Communications), Vivienne Howard, Ann Taylor, Mickey Clements, Chad Hoerig, Timothy Moore, Deborah Hernandez Robert Kapps, Thomas Simone, Craig Wyckoff, Bill Stiles, Kevin Bell, and Greg Boyle (collectively "Defendants"), Motions to Dismiss and/or Renewed Motions to Dismiss[1] (Doc. 34 in 2:10-cv-1090; Doc. 23 in 2:10-cv-1103; Doc. 29 in 2:10-cv-1145; Doc. 5 in 2:11-cv-252; and Doc. 6 in 2:11-cv-270).  Plaintiff has also filed a number of motions in each of the aforementioned cases, including a motion for sanctions, motion for all documents to be sent by certified mail, motion to stay discovery, motion for default, etc.  The Court

---

[1] Defendants original Motions to Dismiss, document 25 in 2:10-cv-1090, document 16 in 2:10-cv-1103, and document 17 in 2:10-cv-1145, are now moot as Plaintiff filed an Amended Complaint in response to each of the original Motions.  Defendants then promptly filed a Renewed Motion to Dismiss asserting that Plaintiff failed to cure any of the deficiencies alleged in the original Motions to Dismiss.

will first address Defendants' Motions to Dismiss and then if the cases remain pending, will address Plaintiff's motions.

## I. BACKGROUND

In December 2010, Plaintiff Evonna Mathis commenced this action against Defendants Ohio Bell Telephone Company (improperly named in the Complaint as AT&T SBC Communications), Vivienne Howard, Ann Taylor, Mickey Clements, Chad Hoerig, Timothy Moore, Deborah Hernandez Robert Kapps, and Thomas Simone (collectively "Defendants"), alleging "1. Violation of Civil Right; 2. Violation of EED; 3. Violation of U.S. Constitution; 4. Violation of Privacy; 5. Bill of Rights." (Am. Compl. in Case No. 2:10-cv-1090 at 3). Plaintiff also alleges in Case No. 2:10-cv-1145:

> Violation of U.S. Constitution
> Violation of EEO
> Violating Civil Rights
> Using image, voice for money/unauthorized
> Monies owed by company in use of my image, voice (audio) and name
> Discrimination in employment advancement, hiring and discipline
> Withholding payment/wages, dividend, etc.
> Discrimination in training
> Wiretapping, bugging home/residence, car, mother's home, etc.
> Wiretapping (bugging)/tampering with residential cabling, phone, internet (my private use)
> Unjust work conditions
> Healthcare fraud, did not apply for healthcare BCBS, enrolled without my knowledge (signature/SSN fraud)
> Removing, tampering with US mail at home residence – falsification of insurance, court documents, etc.
> Impersonating other companies ex. Insurance, doctors, etc.
> Harassment, intimidation, bullying in workplace
> Being fired unjustly
> Followed by management, other entities of ATT/SBC outside work and inside of work
> Taping my image, voice, likeness without my knowledge
> Stealing ideas/patterns "said by oneself"

(Compl. at 3, Doc. 4).

2

Plaintiff Mathis asserts that her civil rights were violated by Defendants when they allegedly falsified employee files and documents; harassed and monitored her; following her, asking/threatening her to do things not required of the job; videotaping and recording her; and denied training, skill upgrade and promotions due to race and gender.

Defendants argues that Plaintiff has only made conclusory or incomprehensible allegations that must be dismissed because she has failed to plead any facts to support the legal conclusions asserted.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." A Rule 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it. *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim. Consequently, a complaint will be dismissed pursuant to Rule 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978). Rule 12(b)(6) must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure, which requires the complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"

A court, in considering a 12(b)(6) motion to dismiss, must "construe the complaint in the light most favorable to the plaintiff," accepting as true all the plaintiff's factual allegations. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). Although in this context all of the factual allegations in the complaint are taken as true, a court is "not bound to accept as true a legal conclusion couched

as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Furthermore, to survive dismissal pursuant to Rule 12(b)(6), a claim must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Twombly*, at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 1950. While a complaint need not contain "detailed factual allegations," its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, at 555. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.' " *Iqbal*, at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). In the final analysis, the task of determining plausibility is "context-specific [and] requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

Plaintiff Mathis is proceeding *pro se*, and accordingly, this Court must construe Plaintiff's allegations liberally and apply a less stringent standard to those pleadings than to a complaint drafted by counsel. *Burrell v. Henderson*, 483 F.Supp.2d 595, 599-600 (S.D. Ohio 2007). However, a court does not need to accept as true "legal conclusions or unwarranted factual inferences." *Id.* at 600.

Plaintiff Mathis has made nearly identical statements in each of the five cases now before the Court, alleging Defendants unlawfully harmed her, but she has not set forth factual allegations that "plausibly suggest an entitlement to relief." *Iqbal*, 129 S.Ct. at 1949-50. Even the Complaint form

provided by this Court instructs each plaintiff to write "the facts of your case. Describe how each Defendant is involved. Include the name of all persons involved, give dates and places." (*See* doc. 25 in 2:10-cv-1090, doc. 16 in 2:10-cv-1103, and doc. in 2:10-cv-1145). However, Plaintiff has failed to meet these basic requirements. Plaintiff primarily names Ohio Bell in all five lawsuits, but in case number 2:10-cv-1090, she also names eight individual Defendants, who were not named in the other cases. Despite naming these eight individual Defendants, Plaintiff only mentions one in the body of the Complaint, Vivienne Howard. Further, in case number 2:11-cv-270, Plaintiff names five individual Defendants and while she does mention them in the Complaint in that case, she again has not alleged sufficient facts to tie any of them to her possible claims. Therefore, the Complaints contain insufficient facts to tie the individual Defendants to any of Plaintiff's possible claims. *See Buster v. City of Cleveland*, 2010 U.S. Dist. LEXIS 4696 (N.D. Ohio 2010) (dismissing the individual defendants as the amended Complaint "contains insufficient facts which reasonably associate" them to any of the plaintiff's claims).

Federal Rule of Civil Procedure 8 requires that all pleadings contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Twombly*, the Supreme Court held that while Rule 8 does not require "detailed factual allegations," it does "demand more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*

In *Iqbal*, the Supreme Court articulated a a two-stage process for determining whether a

5

complaint meets this pleading standard. *Iqbal*, 129 S. Ct. at 1949. First, a court must disregard allegations that are no more than legal conclusions, as these are not entitled to the assumption of truth. *Id.* at 1951. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (noting that the plaintiff's allegation that government officials adopted a challenged policy "because of" its adverse effects on a protected group was conclusory and not assumed to be true (citing *Twombly*, 550 U.S. at 554-55)). Further, even though the pleading requirement of Federal Rule of Civil Procedure 8 "marks a notable and generous departure from the hyper-technical, code pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950.

Second, the court must consider the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Iqbal*, 129 S. Ct. at 1951. Where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief,'" and therefore the complaint should be dismissed. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Indeed, the Federal Rules of Civil Procedure require a "showing, rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3 (internal quotations and citations omitted). This is so because "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests." *Id.* (internal quotations and citations omitted).

Althought courts generally hold the pleadings of a *pro se* plaintiff to less stringent standards than pleadings filed by lawyers, *Erickson v. Pardus*, 551 U.S. 89 (2007), "basic pleading essentials" still apply. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). Where a *pro se* complaint does not

contain clear allegations, "district courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments.  To do so would 'require . . . [the courts] to explore exhaustively all potential claims of a pro se plaintiff . . . [and] would transform the district court from its legitimate advisory role to the improper role of advocate seeking out the strongest arguments and most successful strategies for a party." *Dixie v. Ohio*, 2008 U.S. Dist. LEXIS 41377 (N.D. Ohio 2008).

Applying the aforementioned two-part test to this case, Plaintiff's legal conclusions are not entitled to an assumption of truth, and her factual allegations, if any, are insufficient and do not "plausibly suggest an entitlement to relief." *Iqbal*, 129 S. Ct. at 1951.  Accordingly, Plaintiff Mathis has not stated a claim for which relief can be granted against Defendants.

Further, Plaintiff appears to be alleging Title VII violations based on her race and gender. However, Plaintiff has failed to exhaust her administrative remedies, as she has failed to provide a notice of the right to sue from the EEOC.  The Sixth Circuit has held that "prior to . . . bringing suit under Title VII in federal court, a plaintiff alleging discrimination must perform two administrative prerequisites: (1) file timely charges of employment discrimination with the EEOC, and (2) receive and act upon the EEOC's statutory notice of the right to sue." *Brown v. City of Cleveland*, 294 F. App'x 226, 233 (6th Cir. 2008).

Further, any claim under Title VII against the individually named Defendants must be dismissed because Congress "did not intend individual employees to he held liable under the definition of 'employer' under Title VII." *Burrell v. Henderson,* 483 F.Supp.2d 595, 600 (S.D. Ohio 2007) (Frost, J.) (citing *Wathen v. General Elec. Co.*, 115 F.3d 400, 406 (6th Cir. 1997)).

Therefore, based on the aforementioned, the allegations in Plaintiff Mathis' complaints are

7

conclusory allegations and are insufficient under the heightened pleading standards from *Twombly/Iqbal*. Accordingly, Plaintiff's claims against Defendant Ohio Bell and the individual Defendants are hereby dismissed without prejudice. Plaintiff's Title VII claims against the individual Defendants are dismissed with prejudice.

Based on the foregoing, Defendant's Motions to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure are **GRANTED**. All the additional pending motions filed by Plaintiff are denied as moot, except for documents 45 and 47 in Case No. 2:10-cv-1090, documents 32 and 34 in Case No. 2:10-cv-1103, documents 41 and 45 in Case No. 2:10-cv-1145; documents 15 and 17 in Case No. 2:11-cv-252; and documents 16 and 18 in Case No. 2:11-cv-270 relating to her appeal.

The Clerk of Courts is ordered to removed Documents 25, 34, 36, 41, 53, 55, and 62 in Case No. 2:10-cv-1090; Documents 16, 23, 25, 28, 36, 41, 43, and 50 in Case No. 2:10-cv-1103; Documents 17, 20, 29, 32, 37, 47, 51, 53 and 60 in Case No. 2:10-cv-1145; Documents 5, 7, 11, 21, and 23 in Case No. 2:11-cv-252; and Documents 6, 11, and 21 in Case No. 2:11-cv-270 from the Court's pending motions list.

The Clerk is further instructed to remove these cases from the Court's pending cases list.

**IT IS SO ORDERED**.

    */s/ George C. Smith*
    **GEORGE C. SMITH, JUDGE**
    **UNITED STATES DISTRICT COURT**